IN THE SUPREME COURT OF THE STATE OF DELAWARE

GARY V. STANLEY, § 
 § 
    Defendant Below, § No. 355, 2021
    Appellant, § 
 § Court Below—Superior Court
    v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. 181201010757 (K)
 § 
    Plaintiff Below, § 
    Appellee. § 

Submitted: December 29, 2021
Decided: February 21, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Gary V. Stanley, filed this appeal from the Superior Court's adoption of the Commissioner's report and recommendation and denial of his first motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Stanley's opening brief that his appeal is without merit. We agree and affirm.

(2) In March 2019, a grand jury indicted Stanley for multiple drug and weapon offenses. In July 2019, Stanley filed a motion to suppress evidence seized

during the execution of a search warrant. After the State filed a response, a hearing on the motion to suppress was initially scheduled for August 9, 2019, and then rescheduled for September 10, 2019.

(3) On September 10, 2019, Stanely's counsel informed the Superior Court of the withdrawal of the motion to suppress. He also told the court that Stanley would be pleading guilty, but wished for deferred sentencing so that he could participate in the ongoing investigation into the recent death of his one-year-old son. Given the State's lack of opposition to deferred sentencing, the court agreed to defer sentencing.

(4) Stanley proceeded to plead guilty to drug dealing, carrying a concealed deadly weapon ("CCDW"), and possession of firearm ammunition by a person prohibited ("PABPP"). As part of the plea agreement, the parties recommended a sentence with six years of non-suspended Level V time. The Superior Court conducted a plea colloquy with Stanley and accepted his guilty plea.

(5) On November 27, 2019, the Superior Court sentenced Stanley as follows: (i) for CCDW, eight years of Level V incarceration, suspended after five years for eighteen months of Level III probation; (ii) for drug dealing, fifteen years of Level V incarceration, suspended after one year for decreasing levels of supervision; and (iii) for PABPP, eight years of Level V incarceration, suspended

2

for eighteen months of Level III probation. Stanley did not appeal the Superior Court's judgment.

(6) On August 26, 2020, Stanley filed a timely motion for postconviction relief. Stanley argued that his counsel was ineffective. After obtaining the affidavit of Stanley's counsel and the State's response to the motion for postconviction relief, a Superior Court Commissioner recommended that the Superior Court deny Stanley's motion. The Superior Court conducted a *de novo* review of the report, adopted the report, and denied Stanley's motion for postconviction relief. This appeal followed.

(7) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[1] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[2] The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[3]

(8) As he did below, Stanley argues in his opening brief that his counsel was ineffective for: (i) failing to investigate his mental condition and request a competency hearing; (ii); failing to sufficiently challenge the search warrant, move for a *Franks* hearing,[4] and investigate tampering with Stanley's recorded statement

---

[1] *Starling v. State*, 130 A.3d 316, 325 (Del. 2015).
[2] *Id.*
[3] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[4] *Franks v. Delaware*, 438 U.S. 154 (1978).

to police; and (iii) coercing him to plead guilty. The procedural requirements of Rule 61, including Rule 61(i)(3), do not bar Stanley's timely claims of ineffective assistance of counsel.[5] To support a claim of ineffective assistance of counsel, Stanley must show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on going to trial.[6] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[7]

(9) The record does not support Stanley's claim that his counsel was ineffective for failing to investigate his mental condition and request a competency hearing. This claim is based on injuries Stanley suffered as a result of an April 2019 car accident, including post-concussion syndrome, memory problems, and hearing difficulties, as well as serious depression he experienced after the death of his son in August 2019.

(10) A defendant is competent "if he has sufficient present ability to consult with his lawyer rationally" and "has a rational as well as factual understanding of the proceedings against him."[8] The affidavit of Stanley's counsel and transcript of

---

[5] *Green v. State*, 238 A.3d 160, 175 (Del. 2020); *Bradley v. State*, 135 A.3d 748, 759 (Del. 2016).
[6] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[7] *Albury*, 551 A.2d at 59 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1988)).
[8] *Williams v. State*, 378 A.2d 117, 119 (Del. 1977). *See also Weeks v. State*, 653 A.2d 266, 270 (Del. 1995) (recognizing that legal standard for competency to plead guilty is same as competency to stand trial).

4

the plea colloquy reflect that counsel was aware of the car accident and the death of Stanley's son. He was not aware of any issues calling Stanley's competency into question.

(11) There is no indication in the record that Stanley was unable to consult with his lawyer rationally or lacked a factual understanding of the proceedings against him. The plea paperwork reflects that Stanley had never been a patient in a mental hospital. The transcripts of Stanley's appearances in the Superior Court do not reflect any confusion, lack of understanding, or erratic behavior by him. Stanley was able to communicate with his counsel about his desire for deferred sentencing and responded appropriately to the Superior Court's inquiries during the guilty plea colloquy. Stanley has not shown any basis for his counsel to pursue competency proceedings or that he was prejudiced by his counsel's failure to do so.

(12) Stanley next contends that his counsel was ineffective for failing to challenge certain deficiencies of the probable cause affidavit in the motion to suppress and for failing to move for a *Franks* hearing. The affidavit deficiencies identified by Stanley include the lack of dates when the police spoke to the informant, the absence of informant credentials, the failure to describe Stanley's criminal record or activities, and the absence of observed drug activity. Stanley also asserts that his counsel was ineffective for failing to investigate possible tampering with his recorded statement to police.

5

(13) In challenging the motion to suppress filed by his counsel, Stanley ignores the arguments that his counsel made in that motion. Counsel argued that suppression was necessary because Stanley had a reasonable expectation of privacy in trash the police searched and found evidence of drug activity that they relied upon to establish probable cause for a search warrant. Counsel also argued that the search warrant affidavit failed to establish probable cause because: (i) there was no indication that the cooperating defendant who identified Stanley as selling heroin in Dover was a proven and reliable informant; (ii) the cooperating defendant made general allegations that did not describe Stanley's activities in a manner suggesting the allegations were reliable; (iii) the allegations failed to establish a nexus between the alleged drug dealing and Stanley's residence; (iv) the police did little to corroborate the information provided; and (v) the evidence found in the trash— materials with trace amounts of marijuana and fentanyl—did not support a finding of probable cause that drugs were presently in the house. The affidavit deficiencies that Stanley contends his counsel should have raised are duplicative or cumulative of the claims made by counsel. Stanley has not shown that his counsel's preparation of the motion to suppress fell below an objective standard of reasonableness or that he would have insisted on going to trial if the additional affidavit deficiencies had been identified in the motion to suppress.

(14) A defendant is entitled to a *Franks* hearing when he makes a "substantial preliminary showing" that the affiant included a false statement, knowingly or recklessly, in the warrant affidavit and the false statement was necessary to the finding of probable cause.[9] Stanley's conclusory allegations of false statements in the probable cause affidavit do not establish any basis for the filing of a motion for a *Franks* hearing. Stanley also fails to show that he would have insisted going to trial if counsel had filed a motion for a *Franks* hearing.

(15) As to the tampering claim, Stanley's counsel stated in his affidavit that his copy of Stanley's recorded statement appeared to be full and complete, with nothing altered or cut. Aside from conclusory allegations, Stanley offers nothing to support his tampering claim. Stanley has not shown that his counsel's decision not to pursue a tampering claim was objectively unreasonable or that he was prejudiced by this decision.

(16) Finally, Stanley argues that he was coerced into pleading guilty by his counsel's ineffective assistance. In addition to the ineffective assistance claims previously addressed, Stanley claims that his counsel should have informed him that he faced a five-year (instead of a ten-year) minimum mandatory sentence if he proceeded to trial. Stanley bases this claim on unspecified amendments to Title 16 of the Delaware Code in 2019. As the State correctly points out, those amendments

---

[9] *Franks*, 438 U.S. at 155-56.

did not go into effect until December 15, 2019[10] and would not apply to the sentencing for crimes Stanley committed in December 2018.

(17) The charges against Stanley included possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited ("PFBPP"), and drug dealing under 16 *Del. C.* § 4752. Based on the indictment, it appears that Stanley had previous convictions for multiple felonies, including two violent felonies (first-degree robbery and drug dealing), at the time of his new crimes in December 2018. If Stanley had proceeded to trial and been convicted of PFDCF, PFBPP, and drug dealing under Section 4752, he would have faced a minimum sentence of at least ten years, and possibly more.[11] Accordingly, there is no merit to Stanley's claim that his counsel should have informed him that he would only face a five-year minimum sentence if he proceeded to trial.

(18) The record also belies Stanley's allegations of coercion. In the Truth-in-Sentencing Guilty Plea form, Stanley indicated that he freely and voluntarily decided to plead guilty and that no one, including his lawyer, threatened or forced

---

[10] S.B. 47, 150th Gen. Assem. (2019) (providing that the amendments to Title 16 would into effect 90 days after approval on September 16, 2019).

[11] 11 *Del. C.* § 1447A(c) (2018) (providing that a person convicted of PFDCF who has at least two previous felony convictions must receive a minimum sentence of at least five years at Level V); 11 *Del. C.* § 1448(e)(1) (2018) (providing that a person prohibited who knowingly possesses a firearm while prohibited will receive a minimum sentence three, five, or ten years if previously convicted of a certain number of violent felonies or violent felonies within a certain time period); 11 *Del. C.* § 4205(b) (2015) (providing for a two to twenty-five year Level V sentence for a class B felony); 16 *Del. C.* § 4752(b) (2017) (defining drug dealing as a class B felony).

him to plead guilty. During his guilty plea colloquy with the Superior Court, Stanley affirmed that his responses in the Truth-in-Sentencing Guilty Plea form were accurate. He also stated that no one forced or threatened him to plead guilty, he understood his legal rights concerning the suppression of evidence and that he was waiving his constitutional rights by pleading guilty, and he was guilty of drug dealing, CCDW, and PABPP. Absent clear and convincing evidence to the contrary, which he has not identified, Stanley is bound by his representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form. The Superior Court did not err in finding that Stanley entered his plea knowingly and voluntarily and that his ineffective assistance claims were without merit.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

9